### [250] CORDOVA & CO. V. PRIESTLY.

Where the plaintiff filed an affidavit and obtained an attachment, and afterwards filed his petition, which was served on defendant, the cause coming on to trial, the court ruled out important testimony of the plaintiff, who thereupon took a nonsuit, and afterwards moved to set the nonsuit aside and reinstate the case. The court refused the motion, unless the defendant would discharge the attachment and continue the case as on petition and answer: *Held,* There was no error, all the proceedings before the filing of the petition being a nullity.

Appeal from Harris.

*Webb,* for appellant.

*J. W. Henderson,* for appellee.

LIPSCOMB, J. In this case, the plaintiff, on the 18th day of May, 1840, made an affidavit before the clerk of the District Court to procure an attachment against the estate of the defendant, on the alleged ground that he was about to remove his property beyond the jurisdiction of the court. The attachment issued on the 20th, and was levied. On the 15th day of September of the same year the plaintiffs filed their petition and prayed the issue of citation, as in the ordinary form, against the defendant for personal service. This process was served on the defendant. It is not thought necessary to notice the further proceedings until the parties came to trial, when, on having some of their evidence ruled out by the court, they took a nonsuit, and then moved the court to set it aside and reinstate the case. The court refused the motion unless the plaintiffs would dismiss or discharge the attachment and continue the case as on petition and answer. The plaintiffs declined the condition, and have brought the case up by appeal.

Crozier v. Kirker.

Objections are presented that, if well taken, will dispose of the case without inquiring into the several errors assigned by the appellant. It will be seen by reference to the statement of the case that the attachment preceded by four or five months the filing the petition. The petition has been uniformly considered as the leading process, and the initiative in attachment as well as in ordinary suits. It was so held by this court, under its old organization, in the case of Fowler v. Poor, (Dallam's Dig., 401.) And this court in the case of Wooster v. McGee, (1 Tex. R., 29,) referring to the case of Fowler v. Poor, and in conformity with the rule there laid down, say : " The action having been commenced without a petition precedent to or concurrent with the suit, as required by law, and in conformity with the decision of the late court in the case of Fowler v. Poor, the whole proceeding in this case must be treated as a nullity, and the entire cause be dismissed." The case before us comes unquestionably under the same rule ; and the court, in refusing to set aside the nonsuit without the condition annexed, committed no error. Indeed it does appear that the compliance with the condition was the only possible mode by which the plaintiffs could have placed themselves *rectus in curia.* Without relieving the case from the attachment and the error thereby intervening on the record, no judgment that could have been obtained in their favor would have been valid, but would have been reversed on appeal or writ of error. By availing themselves of the condition, it would have been an amendment ; and they might have reposed on their petition, as in an ordinary suit. And it was right and proper in the court, under the circumstances of this case, to impose the condition on which the suit could be reinstated ; because to have permitted the cause, incumbered with such error, to have proceeded to judgment, (had it been reinstated,) would only have been productive of an accumulation of costs.

Judgment affirmed.