## DAVID WILLIAMS v. THE STATE.

Since the 31st December, 1866, the county and district courts have had concurrent jurisdiction of violent assaults and other misdemeanors under the grade of felony. (Constitution of 1866, Paschal's Dig., pp. 936, 937, §§ 16, 17; Acts of 1866, p. 44, § 3.)

An indictment which states that the jurors were sworn, and charged to inquire into, and true presentments make of crimes and offenses cognizable in the district courts, committed within the body of the county of Collin, and State of Texas, is sufficient. (Paschal's Dig., Art. 2863, Note 720.)

If the indictment was found by a grand jury of Collin county, it is a necessary sequence, of both fact and law, that the jurisdiction of the offense appertains to the courts of Collin county.

APPEAL from Collin. The case was tried before Hon. W. T. G. WEAVER, one of the district judges.

The case turned upon the propriety of overruling the motion to quash the indictment. The grounds are stated in the brief of the appellee and the opinion of the court.

Opinion of the court.

The defendant was found guilty of an aggravated assault and battery, and fined $100; and he appealed from the judgment.

*Joseph Bledsoe*, for appellant.—1. The statute prescribes nine requisites in an indictment: the third one is, that it must appear to be the act of the grand jury of the proper county.   Now, it is respectfully submitted, that the grand jurors for the State of Texas are not the grand jurors for the county of Collin, in which the offense, in this case, is charged to have been committed; the caption of the indictment constituting no part of it.   (Code Crim. Pro., Art. 395; English v. State, 4 Tex., 125.)

2. The indictment in this case does not, from any affirmative act of the grand jury, appear to have been presented in any court having jurisdiction of the offense.   It is true, that the place where the offense was committed is charged in accordance with subdivision 5 of article 395 of the Code of Criminal Procedure; but it does not appear that there was any attempt to comply with subdivision 2 of said article.   This defect is made by subdivision 1 of article 488 a special ground of exception.

*William Alexander, Attorney General*, for the State.—That the indictment is substantially sufficient, may be seen by reference to the cases cited in Paschal's Digest, pages 509, 510, in note 720.

LINDSAY, J.—An indictment was found in this case by the grand jury of Collin county, against the plaintiff in error, for an aggravated assault and battery upon one William Linehan.   It was afterwards tried in the district court of the county, and a verdict and judgment had against the plaintiff in error for $100.   From that judgment an appeal was taken to this court.   The errors assigned in the record are: First, the court had no jurisdiction of the offense

charged; Second, insufficiency of the indictment; and Third, the grand jurors who found the bill of indictment do not appear to be the grand jury of Collin county.

To the first assignment of error, we reply, the county courts and the district courts of counties in the state, since the 31st day of December, 1866, have concurrent jurisdiction of all offenses under the grade of felony. In the introductory part of the indictment, the jurors denominate themselves, or are denominated by the district attorney, as grand jurors for the State of Texas, as in truth and in fact they are.     But the indictment proceeds to state, that they were "sworn and charged to inquire into, and true presentments make, of crimes and offenses cognizable in the *district* court, committed within the body of the county of Collin, and State of Texas;" and we think it would be indulging a most violent presumption, for this court to assume that the district judge of Collin county had a body of men impanneled, sworn, and charged as grand jurors, from any other county. It is clearly apparent from the indictment, that those who presented the bill were grand jurors of the county of Collin; but it is not at all necessary that the indictment itself should show by what grand jury it was found. The records of the court are sufficient to evince that fact. If, then, the indictment was found by a grand jury of Collin county, and it charges the offense to have been committed in Collin county, it is a necessary sequence of both fact and law that the jurisdiction of the offense appertains to the courts of Collin county.

Wherefore, there being no error perceived, the judgment of the court below is

AFFIRMED.