### WILLIAM CRANE v. THE STATE.

1. ASSAULT WITH INTENT TO MURDER.—When one charged with committing an assault with intent to kill and murder is shown to have given the first insult and begun himself the attack, which finally resulted in the effort on his part to kill, he cannot mitigate the offense by showing that he attempted to kill under the immediate influence of sudden passion, caused by injuries received from his adversary during the rencontre.

2. INDICTMENT.—An indictment for an assault with intent to kill and murder, which charges that "A B did then and there level, aim, point, shoot off, and discharge the said pistol in, at, to, against, and upon the person of him, the said C D," and in other respects regular, is good.

APPEAL from Hays. Tried below before the Hon. John P. White.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The defendant was tried and convicted of an assault with intent to murder, and his punishment was fixed at seven years' confinement in the penitentiary. The fact that the defendant pursued and shot the person assaulted, Leon Garcia, without any reasonable provocation, after having threatened to kill him, and de-.

liberately prepared his pistol for the purpose, is established beyond question, as shown by the statement of facts.

The only question upon the facts that could have been raised was as to whether or not Garcia, having struck him with a stick on the arm just before he followed Garcia on his horse and shot him, was a fact of provocation sufficient to have reduced the offense to manslaughter, in the event Garcia had been killed by him. It is evident that it would not, because defendant brought on the difficulty and was pursuing Garcia with a knife, when Garcia picked up a stick and turned upon his assailant and struck him upon the arm, and the knife flew out of his hand. Garcia was justified in what he did in self-defense. Garcia neither said nor did anything calculated to bring on a difficulty, but did everything he could to avoid it.

It is not a case of a sudden quarrel and renconter between two parties, both of whom enter into the struggle, which, in its progress, engendered strong passion, under which the act of violence was done. The insult, the pas- sion, the attack, and the final act of revenge were all on the side of the defendant. Under such circumstances he cannot claim that the blow on the arm by Garcia, which disarmed him, which he had made necessary by his unprovoked pursuit with a knife, constituted a provocation which would palliate the criminality of his offense in following Garcia and shooting him, after he had left to avoid any further trouble, and had gone several hundred yards off in the direction of Mountain City, where he had business.

Still, that being the only point upon which there could possibly be any question raised on the facts, the court upon the trial charged the jury upon it fully and appropriately; and no additional charge upon that or any other part of the case was asked by the counsel for the defendant. Therefore we think the defendant has no right to complain that the charge was not full enough to embrace every possible state of facts that might have existed. It

is incumbent upon the presiding judge to charge the law of the case accordingly as it may arise upon the facts of the case in evidence.

One of the grounds in arrest of judgment is that the indictment, in describing the manner of the battery with a pistol, alleges that the defendant shot the pistol in and upon Garcia, and not the bullets with which it was loaded. The indictment in that respect alleges "that he, the said William Crane, did then and there level, aim, point, shoot off, and discharge the said pistol in, at, to, against, and upon the person of him, the said Leon Garcia, with the willful, unlawful, and felonious intent, then and there, on the part of him, the said William Crane, of his malice aforethought, to kill and murder him, the said Leon Garcia." The indictment had previously alleged the malicious assault, and that Crane had then and there a loaded pistol. The assault and the intent to murder are certainly described; and as to the rest, it is an attempt to describe the manner in which the assault and battery was made with a pistol. In doing that, the meaning of the expression " shooting a pistol at one " will hardly be misunderstood by any person. So far as appears, the defendant has been legally convicted.

Judgment affirmed.

AFFIRMED.