7   83
28   515

## N. COKER *v*. THE STATE.

1. INDICTMENT. — By the recital that "the grand jurors of the State of Texas, duly empanelled, charged, and sworn to inquire of offences committed in the county of M., upon their oath present," etc., the indictment shows on its face that it is the act of the grand jury of the county named therein. No other averment is necessary that they were the grand jurors of said county, or that they were summoned from the body thereof.

2. SAME. — The Constitution of 1876 has repealed the preëxisting statutory requirement that it must appear from an indictment that the same was presented in a court having jurisdiction to try the offence charged, and by its provisions all indictments are presentable exclusively in the District Courts. The Revised Code of Criminal Procedure (art. 420) conforms to the change thus effected.

3. TRANSFER OF MISDEMEANOR CASES FROM THE DISTRICT TO INFERIOR COURTS. — In transferring to a County Court an indictment for a misde-meanor, the district clerk accompanied it with a transcript from the minutes of the District Court, showing a regular presentment of the indictment therein, and the order of transfer, and appended to the tran-script his certificate that "the above and foregoing is a true copy of the minutes of said court as regards said cause." *Held*, a substantial compli-ance with the statutory requirement that the district clerk shall accompany each case with a certified copy of "all the proceedings taken in the District Court in regard to the same." In the absence of a showing to the contrary, the presumption obtains that the minutes of the District Court show all its proceedings in regard to the case ; and it has heretofore been held that the District Court, in this class of cases, can take no action save to receive the indictment and enter the order of transfer. An objection to the district

clerk's certificate of transfer cannot, it seems, be made available by motion to set aside the indictment.

4. Challenge to the Array lies only for the single cause specified in the Code of Criminal Procedure, and consisting in corrupt action of the officer who summoned the jury, and his wilful summons of jurors prejudiced against the defendant, to secure his conviction. A failure of the jury-commissioners to sign and certify the jury-list cannot be cause for challenge to the array. *Quære*, whether such a failure could, on appeal, constitute error, without a showing that it prejudiced the appellant.

Appeal from the County Court of Montague. Tried below before the Hon. R. D. Rugeley, County Judge.

Every matter ol any significance is disclosed in the opinion.

*Grigsby & Willis*, for the appellant, filed an able and ingenious brief and argument.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J. . This appeal is from a judgment of conviction for aggravated assault, and the errors assigned relate to the several actions of the court in overruling appellant's motion to quash the indictment on several grounds specified therein, error in the charge of the court, and in refusing to sustain a challenge to the array of jurors summoned and empanelled for his trial.

The exceptions to the indictment were to the effect that it did not appear on its face to be the act of the grand jury of Montague County, nor did it show that it was presented in a court having jurisdiction of the offence charged. The indictment recites that "the grand jurors of the State of Texas, duly empanelled, charged, and sworn to inquire of offences committed in the County of Montague, upon their oath present," etc. It is argued at some length that the indictment should aver that they were the grand jurors, not only of the State of Texas, but also of the county of Montague, and were summoned from the body of that

county.. The law has been long settled to the contrary. *English* v. *The State*, 4 Texas, 125 ; *Williams* v. *The State*, 30 Texas, 404 ; *Davis* v. *The State*, 6 Texas Ct. App. 133. The statutory requisite of an indictment, that it must appear therefrom that the same was presented in a court having jurisdiction of the offence set forth (Pasc. Dig., art. 2863, sect. 2), is repealed and annulled by subsequent organic provisions, and all indictments are presentable only in the District Courts. Const., art. 5, sect. 17. And the present statutory provision is now in conformity with the Constitution. Rev. Code Cr. Proc., art. 420. .

The certificate of the district clerk accompanying the transfer of the case to the County Court, though not a literal compliance with the statute, seems to embrace substantially all that is required. The statute provides that in the transfer of indictments for misdemeanor from District Courts to inferior courts having jurisdiction of the offences charged, the clerk of the District Court shall deliver the indictment, and all the papers relating to each case, to the proper court or justice, as directed in the order of transfer, and shall accompany each case with a certified copy of all the proceedings taken in the District Court in regard to the same. Laws 1876, chap. 91. The record before us discloses a regular presentment of the indictment in the District Court, the order of transfer, and a certificate of the clerk "that the above and foregoing is a true copy of the minutes of said court as regards said cause." It has been held that no action could be taken by the District Court in this class of cases, save to receive the indictment and to enter the proper order of transfer. *Cassaday* v. *The State*, 4 Texas Ct. App. 96. Under the law, these are noted upon the minutes ; and we must presume, in the absence of a showing to the contrary, that a true copy of the minutes shows all the proceedings taken in the District Court in regard to the case. It may be added that this objection does not come within the purview of the statute regulating the pleadings in criminal actions, and could not

well be made by motion to set aside the indictment. Pasc.
Dig., art. 2950.

Nor do we perceive any error in the action of the court
upon appellant's challenge to the array of petit jurors.
The act of August 1, 1876, and the supplemental act of
August 18, 1876, relating to the organization of grand and
petit juries, fail to prescribe any additional cause for chal-
lenge to the array, and the law with reference to that
subject is left as it was aforetime. The Code of Criminal
Procedure provides that the defendant may challenge the
array for the following cause only: "That the officer sum-
moning the jury has acted corruptly, and has wilfully
summoned persons upon the jury known to be prejudiced
against the defendant, and with a view to cause him to be
convicted." Pasc. Dig., art. 3034. The challenge to the
array spoken of in sect. 25 of the act of August 1, 1876
(Laws 1876, p. 83), must therefore have reference to the
provision above quoted, already in existence, and must be
construed therewith ; and to entitle a defendant in a criminal
case to the exercise of that right, his cause of challenge
must be brought clearly within the provisions of the
Code.

In this case the cause of challenge to the array was
because the jury-commissioners for the County Court had
failed to sign and certify the jury-list drawn for that term
of the court, and which list was tendered to defendant from
which to select a jury. From the explanation of the pre-
siding judge, appended to defendant's bill of exceptions, it
appears that the list of jurors was in fact drawn by regular
commissioners, and that other formalities in the law were
observed ; and we are not prepared to say that, even had
appellant made his objection in a proper manner, it would
be incumbent on this court to hold that provision of the
law as mandatory, in the absence of a showing that defend-
ant was prejudiced thereby.

Finding no error in the judgment, it is affirmed.
*Affirmed.*