[No. 2446.]

JOHN VANVICKLE *v.* THE STATE.

PLEADING—INDICTMENT.—See the opinion *in extenso* for recitals in an indictment *held* sufficient to show that the· indictment was the act of the regularly impaneled grand jury of the proper county, but omitting the words, "on their oaths present," or their equivalent, insufficient to show an accusation of the defendant by the grand jury of the acts set out in the same.

APPEAL from the District Court of Rains. Tried below before the Hon. J. A. B. Putman.

The opinion sufficiently discloses the case.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Copying so much of the indictment upon which this case was prosecuted below as is necessary to illustrate the question of its sufficiency, we find it reads as follows, viz.:

"In the name and by the authority of the State of Texas:

The grand jurors of the State of Texas, charged, impaneled and sworn to diligently inquire into and true presentment make of all crimes and offenses against the law committed within the body of the county of Rains and State of Texas—that one John Vanvickle, late of the county of Rains and State of Texas, with force and arms in the county of Rains," etc.; proceeding then to set out certain facts going to constitute the offense of "false swearing" in order to procure the issuance of a marriage license by the county clerk.

It is, in our opinion, only inferentially stated in the above recital that the grand jury was the grand jury of Rains county. But such allegations as are here made have time and again been held sufficient under the statute (Code Crim. Proc., Art. 420, sub div. 3), and, when especially excepted to on that ground, to show that the indictment was the act of the grand jury of the proper county. (English v. The State, 4 Texas, 125; Williams v.

The State, 30 Texas, 404; Davis v. The State, 6 Texas Ct. App., 133; West v. The State, Id., 485; Ferguson, v. The State. Id., 504; Coker v. The State, 7 Texas Ct. App., 83; Scales v. The State, Id., 361; Thomas v. The State, 18 Texas Ct. App., 213.) But, whilst such allegations have been held sufficient, the proper practice, and by far the more simple and satisfactory, would be to allege directly, positively, affirmatively and specifically that the grand jury was the grand jury of the county named. A concise and proper form is found in Form No. 1, of Willson's Criminal Forms.

But, recurring to the language of the indictment as copied above, it will be noticed that there is a *hiatus*, or, more properly speaking, a total want of connection between the allegations with reference to the impaneling of the grand jury and the facts stated with regard to the subsequent acts of John Van-vickle. The usual, ordinary words of accusation, to wit, "*on their oaths present,*" it will be seen, are entirely omitted, and no similar or equivalent words are used or substituted. In short, whilst this paper shows a grand jury for Rains county were impaneled to inquire into crimes committed in said county, and whilst it shows that John Vanvickle did certain acts therein set out, it is not shown nor is it anywhere alleged that the said grand jury charge, aver, allege or accuse the said Vanvickle with doing those acts. There is no connection between the impaneling of the grand jury and the statement made with reference to the acts of Vanvickle afterwards set out. It is certainly not stated that the grand jury charged or accused him with the commission of those acts and deeds. Then who did? We are no where informed.

This is not a question as to whether the indictment is properly presented in court (Code Crim. Proc., Arts. 420, 529), but it is whether there is any indictment at all; in fact, where the purported instrument or writing fails wholly to show by specific averment that the facts stated are presented, charged, alleged or made known to the court by the grand jury.

Our Constitution and laws declare that no person shall be held to answer for a felony except on an indictment of a grand jury. (Bill of Rights, sec. 10; Code Crim. Proc., Art. 416.) And our Code of Procedure declares that "an indictment is the written statement of a grand jury *accusing* a person therein named of some act or omission which by law is declared to be an offense." (Code Crim. Proc., Art. 419.)

Mr. Bishop says: "When, as in a majority of our States, in most cases, the first step in court against the suspected person is to be taken by the grand jury, this body *presents* to the tribunal *a written accusation* of his crime." (1 Bish. Crim. Proc., 3 ed., sec. 36.) And again: "An indictment is *a written accusation* on oath by at least twelve of a grand jury, against a person named therein, of a crime which it defines, to be carried into court and there made of record." (Id., sec. 131.) Hawkins, in his Pleas of the Crown, defines an indictment to be "an accusation at the suit of the crown, found to be true by the oaths of a grand jury." (2 Hawk. P. C., chap. 25, sec. 1; 1 Arch. Crim. Prac. and Plead, 8 ed., p. 211; and for the several definitions, see 1 Bouvier's Law Dic., "Indictment.")

At common law, it was essential that the indictment should allege upon its face that it was presented upon the oaths or affirmations of the grand jurors, and such is the usual and common form in this State, though, "under our code, it is not essential to state in the indictment that the jurors were sworn, or that the presentment was made upon their oaths or affirmations." (Chivarrio v. The State, 17 Texas Ct. App., 390, citing Code Crim. Proc., Art. 420, sub div. 3, and Arts. 528, 529.)

We venture the assertion, however, that no case can be found in all the books in which a paper has been held good as an indictment which contained no specific *accusation* of any kind. The accusation is the very gist and essence of an indictment, and without it there can not legally or truthfully be said to be any indictment; it is as though the sheet of paper was entirely a blank.

Such is the pretended indictment, as the same is presented to us in this record. There is no accusation by the grand jury that the defendant Vanvickle committed the acts alleged, and for which he has been convicted. There being no indictment, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered December 17, 1886.