## Morris Jones v. The State.

### No. 1080. Decided March 29, 1911.

**1.—Unlawfully Carrying Pistol—Continuance—Want of Diligence.**

Where the application for continuance was wholly insufficient as to diligence, there was no error in overruling same. ·

**2.—Same—Sufficiency of the Evidence—Firearms.**

Where, upon trial of unlawfully carrying a pistol, the defendant claimed that the pistol was not capable of being used as a firearm, and the court properly submitted this issue to the jury, there was no error, and the conviction will not be disturbed.

Appeal from the County Court of Childress. Tried below before the Hon. W. G. Gross.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $150 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted and convicted for carrying a pistol on or about his person about March 1, 1910, and his punishment fixed at a fine of $150 and thirty days in jail. The evidence by four of the witnesses, without question, shows that the defendant carried on or about his person the pistol at the time charged in the indictment; that he was drinking and considerably under the influence of liquor; that he had some difficulty with some lady and intercepted her when returning to her residence before she reached it. While having trouble with this lady another neighbor, seeing some trouble between them, went out to her assistance. The appellant thereupon drew his pistol out of the waistband of his trousers and this lady said to him: "Yes, pull your gun on a woman, you coward." Thereupon he replaced the pistol and said: "You send Joe, the big son-of-a-bitch, to settle it," and left the two women. He then went up into town, had a difficulty with a restaurant keeper and drew his pistol on him and ran him out of his house.

1. The appellant made a motion for continuance on account of the absence of E. L. York, who at the time of the trial was alleged to be in Wichita County, Texas. By this witness he expected to show that the pistol that he had was out of fix, was only a skeleton and was not capable of being used as a weapon of offense or defense. He testified to this himself. The application shows that the witness attended a former term of the court in obedience to a subpoena, but that since then he had moved out of that county and gone to Wichita County. The application for a continuance is wholly insufficient as to diligence. It does not show when the witness left Childress County, nor what efforts, if any, appellant made to have the witness in attend-

ance. Lowe v. State, 11 Texas Crim. App., 253; Harvey v. State, 35 Texas Crim. Rep., 545.

2. The only ground of the motion for new trial by the appellant is that the verdict of the jury is contrary to the law and the evidence, and shows that the pistol alleged to have been carried was one not capable of being used as a firearm, as was contemplated by law. This question was specifically submitted to the jury in a requested charge by the appellant and clearly presented that question to the jury. The jury heard all the testimony, evidently did not believe the appellant's testimony, as they had the right to disbelieve it, but believed the several witnesses for the State.

There is no error pointed out that would authorize this court to reverse the judgment in this case. It is therefore affirmed.

*Affirmed.*