### ERNEST MILLS v. THE STATE.

#### No. 5055. Decided June 5, 1918.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Continuance—Immateriality of Testimony—Want of Diligence.**

Where the alleged absent testimony was immaterial, there was no error in overruling the application for continuance; besides, there was a want of diligence to procure the absent witness.

**3.—Same—Motion for a New Trial—Continuance—Want of Diligence.**

Where appellant filed a motion for a new trial, complaining of the overruling of his motion for continuance, which was contested by the State, and which was overruled by the court, it must be presumed that appellant was not entitled to a new trial. Following Reyes v. State, 196 S. W. Rep., 532.

Appeal from the District Court of Rusk. Tried below before the Hon. Daniel Walker.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

*Futch & Tipps,* for appellant.—On question of continuance: Taylor v. State, 73 Texas Crim. Rep., 192, 164 S. W. Rep., 844; Moody v. State, 187 S. W. Rep., 758.

*E. E. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of murder and his punishment assessed at seven years in the penitentiary. .

The evidence, without any contradiction, by several witnesses showed that appellant stabbed deceased in the head with a knife and killed him without any justification or provocation. The circumstances of the stabbing and killing were such as to be sufficient to show that the killing was with malice aforethought by appellant.

The only question in the case is whether or not the court erred in overruling his motion for a continuance and in overruling his motion for new trial on that ground.

The motion for continuance was made because of the absence of Dr. Barton. Dr. Barton was not present when the stabbing occurred and knew nothing about the facts surrounding the parties at that time. In order to attempt to show the materiality of the doctor's testimony, he alleged that the eyewitnesses for the State would testify that deceased was somewhat in a stooping position preparing to get down on his knees when appellant stabbed him in the head, and that the theory of the State on the trial would be that the wound did not penetrate straight in but in a kind of slanting position. That he expected to prove by this doctor, who was called to see deceased the next day after the stabbing, that if it had been made while deceased was in a stooping position the wound would not have penetrated straight in, as it did, but would have to be slanting toward the head of deceased. Whether the deceased was standing straight or stooping at the time appellant stabbed him could not have been very material, and such an inference from the doctor's testimony, even if he had testified as claimed, would not have been material in the case. The 'stab, without any doubt, killed the deceased; appellant stabbed him, and whether the knife blade went in straight or slanting could make no difference. However, if it could be conceded that the testimony of the doctor would in any contingency have been material no reversible error is shown.

The record in this matter shows this state of fact: The killing occurred the last of April, 1917. The examining trial was held the day after deceased died, at which appellant and his attorneys were present and the eyewitnesses of the killing for the State then all testified.. Of course appellant and his attorneys were fully advised what each of these eyewitnesses would testify. The indictment was returned June 28th. The case was to be tried on July 17th. At that time said witness Dr. Barton lived in Rusk County, near where the killing occurred. He was subpoenaed by appellant to attend the trial on July 17th. The motion for continuance does not state that said witness attended the court at that time or at any other time. It states that the cause was not called for trial on that date. Why it was not or what disposition was then made of it was not alleged. The law is that "it devolves upon the defendant to show, affirmatively and distinctly, that he has used all the

diligence to obtain his witness required by law." And the State is not required to show a want of diligence in opposition to a continuance. "Nothing is presumed in aid of an application for a continuance, but the burden is upon the party seeking a continuance to show himself entitled to it by definite, exact and certain averments. (Cantu v. State, 1 Texas Crim. App., 402; Murray v. State, id., 417; Buie v. State, id., 452; Bowen v. State, 3 Texas Crim. App., 617; Robles v. State, 5 Texas Crim. App., 346.)" Walker v. State, 13 Texas Crim. App., 618. Again: "An application for a continuance should set forth fully and distinctly the diligence to obtain the absent testimony . . . and it must appear that all the means provided by law were resorted to by the defendant to obtain the testimony and were resorted to promptly." Barrett v. State, 18 Texas Crim. App., 64. Again: "The burden is upon the party seeking a continuance to show himself entitled to it by definite, exact and certain averments." Long v. State, 17 Texas Crim. App., 128. Again: "If there is a lack of diligence, apparent from the application or otherwise, the law's mandate is inexorable and the trial must proceed." Skipworth v. State, 8 Texas Crim. App., 135. The statute (art. 530, C. C. P.) enacts: "It shall be understood that a witness refuses to obey a subpoena—1. If he is not in attendance on the court on the day set apart for taking up the criminal docket or any day subsequent thereto, and before the final disposition or continuance of the particular case in which he is a witness. 2. If he is not in attendance at any other time named in a writ." Judge White, in section 600 of his Ann. C. C. P., says: "Continuance is properly refused always where there is a want of diligence." Citing a considerable number of cases to that effect. Giles v. State, 66 Texas Crim. Rep., 638.

The motion for continuance alleged that said witness, Dr. Barton, is now "located at Camp Logan base hospital, Harris County, Texas." The law is, "An application for a continuance must state the residence of the witness; and when it states that the witness is temporarily absent it should state how long he had been so absent and when he left the county of his residence. Dove v. State, 36 Texas Crim. Rep., 105; Vanwey v. State, 41 Texas, 639; Wolfe v. State, 4 Texas Crim. App., 322; Thomas v. State, 17 Texas Crim. App., 437; Colton v. State, 7 Texas Crim. App., 50. Where the application for a continuance did not show at what time the defendant ascertained that the witness was a resident of the county to which he had a second attachment issued diligence was insufficient. Hughes v. State, 18 Texas Crim. App., 130." Furnace v. State, 79 Texas Crim. Rep., 59. The law further is that where a witness lives in the county where the case is pending, who has been subpoenaed, and removes therefrom before the next term of court at which the case is called for trial, it is the duty of the appellant to again have him served with process to the county where he has removed. Nesbit v. State, 69 Texas Crim. Rep., 374; Jones v. State, 61 Texas Crim. Rep., 656; Harvey v. State, 35 Texas Crim. Rep., 545; Lowe v. State, 11 Texas Crim. App., 253. The motion for a continuance does not allege that

the absent witness was in attendance upon the court when the term at which he was tried began, nor at any other time of said term of court. The term began January 17, 1918. His trial did not begin until January 29th. No process was issued for the witness to Harris County at any time. The motion fails to state that the witness was in any way notified to be present at the beginning of said term or on the date on which the case was called for trial. The slightest diligence by appellant would require that the witness in some way be notified to be present since he had left the county. The means of communication by telephone or telegraph are not shown to have been used to inform the witness or to get him present at the trial.

But aside from all this, appellant made a motion for a new trial because of the overruling of his motion for a continuance. The State especially contested the appellant's motion for new trial not only on that ground but all the others set up in his motion. At that time the State had the right to contest the diligence of appellant to secure the attendance of the said witness and did do so. Richardson v. State, 28 Texas Crim. App., 216; Walker v. State, 13 Texas Crim. App., 618; art. 841, C. C. P. The judgment of the court expressly states that he heard evidence before acting upon said motion and after hearing the evidence overruled the motion for new trial. The court's qualification of appellant's bill expressly states that the State contested his motion for new trial, that he heard evidence on it and that the evidence introduced by the State on that occasion was not contained in the bill of exception. Under such circumstances this court has all the time held in a uniform and long line of decisions that it must presume, and does, that the evidence heard by the lower court was sufficient to show that appellant was not entitled to a new trial. See Reyes v. State, 81 Texas Crim. Rep., 538, 196 S. W. Rep., 532, where a large number of cases are collated.

So that in no contingency does the action of the court show any error in overruling the appellant's motion for a continuance or his motion for new trial on that ground. On the contrary, the record without doubt shows that the action of the court was legal and correct in both instances.

The judgment is affirmed.

*Affirmed.*