Thomas Davis v. The State.

No. 14976. Delivered March 16, 1932.
Rehearing Denied May 25, 1932.

The opinion states the case.

*Grisham, Patterson & Grisham,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

Appellant was convicted for the murder of Leon Shook, who appears to have been shot and killed in the same transaction in which a brother of deceased, Lucian Shook, was also killed.

Failing to find averment or proof of injury resulting from a change of venue made in this case on the court's own motion, such as is always held necessary to call for review, we see no reason for discussing the question raised by appellant in this regard. Henderson v. State, 104 Texas Crim. Rep., 495, 283 S. W., 497; Mayhew v. State, 69 Texas Crim. Rep., 187, 155 S. W., 191; Treadway v. State, 65 Texas Crim. Rep., 208, 144 S. W., 655.

The point made, that the court having ordered a continuance before changing the venue, had lost his right to so change such venue, has been decided against appellant in the case of Hamilton v. State, 40 Texas Crim. Rep., 464, 51 S. W., 217, which is substantially followed in English v. State, 85 Texas Crim. Rep., 452, 213 S. W., 632. Complaint of this appears in bill of exception No. 16.

Appellant's bill of exception No. 14 sets out a plea of former conviction, which appears to have been filed in the office of the clerk of the district court of the county from which this case had been transferred on change of venue. The bill recites as follows:

"The defendant filed his plea of autrefois convict as shown by a copy of same hereto attached, marked Exhibit 'A,' and made a part hereof.

"The said motion was in all things overruled.

"To which action of the court the defendant then and there in open court excepted, and here now tenders this his bill with reference to same."

This bill is approved by the judge who tried the case in Shackelford county. We find no tender of evidence to support the averments of the plea; no proof supporting such plea, and no effort apparently to have said plea submitted to the jury. If said plea was ever filed in the office of the clerk of the Shackelford county district court, it does not appear in the record. If appellant was seeking to have the trial court pass on the

proposition of the identity of the transactions surrounding the killing of the two men who were killed, this would clearly have been an effort to invade the province of the jury. We find no error shown in said bill of exception.

Appellant sought a continuance on the ground that one of his attorneys was a member of the Legislature and then in attendance on a session of such Legislature. The absence of an attorney whose services are made to substantially appear from the record to have been of necessary character in the trial of any criminal case, is a matter addressed, in the first instance, to the sound discretion of the trial judge who is asked to continue such case because of the absence of such attorney; and this court will review upon appeal such refusal to continue only when it appears that the trial court has abused his discretion to the probable injury of the accused. Discretion in regard to such a ruling on the part of the trial court is believed to be an attribute inherent in the courts, and attempt to take it away by legislative enactment would seem a transgression by one department of our government upon the proper functions of a different and co-ordinate department thereof. The terms of chapter 7, Acts 41st Legislature, Regular Session (Vernon's Ann. Civ. Stat., art. 2168a), are invoked. Same make the absence of such attorney ground for a continuance when it is shown that his presence is necessary to a fair and proper trial of the case. Affidavits by the attorney in question and appellant were prepared and appended to the application for continuance and presented to the trial court who thereupon heard evidence pro and con. It was developed that appellant had been represented by a strong and able firm of lawyers upon other trials of this case at a time when the Legislature was not in session, and that the attorney for whose absence continuance is now sought, was not then of counsel; also that said firm still appeared in behalf of appellant, and, in addition, were assisted by an able former district attorney of the district in which the county of prosecution was situated, who was present at the time the continuance was sought. Article 543, C. C. P., states as follows: "The truth of the first, or any subsequent application (for continuance), as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right."

This we regard as a legislative expression in recognition of the inherent right of the court to exercise said discretion. Chapter 7, Acts 41st Legislature, supra, does not repeal or attempt to repeal article 543, supra, and if it had done so, we would still hold that unless the action of the court showed an abuse of discretion, the refusal of such continuance would not appear to be error.

Appellant made what is called a second application for continuance, based on the absence of witnesses. That it should contain all the

requisites for a first application, set out in article 543, C. C. P., and "in addition thereto" the requisites named in article 544, C. C. P., is unquestionably true; but this seems to have been overlooked by appellant. Said application does not state the residence of any of the witnesses named. Mills v. State, 83 Texas Crim. Rep., 515, 204 S. W., 642. Nor is there excuse set forth for apparent lack of diligence based on the fact that this indictment was returned in 1928, and the first subpoena for these absent witnesses was issued in January, 1931. Nor is there denial in said application of the fact that the witnesses are "absent by the procurement or consent of the accused." Woods v. State, 115 Texas Crim. Rep., 374, 28 S. W. (2d) 554, 555. The application was properly overruled.

We are of the opinion that the objections to the admission of appellant's confession are not sound. The county attorney who reduced same to writing, identified it, testified to the warning, and that he wrote down what appellant said and read over to appellant what he had written, and that appellant signed same in the presence of witnesses who attested the confession. That in said confession appellant frequently used the word "we" and spoke of what "we planned" etc., would amount to no valid objection. There were three parties involved in the transaction, one of whom was this appellant. We are not able to agree to any proposition such as that the confession is unintelligible and not capable of being understood. Nor does the fact that in the warning given appellant was informed by the county attorney that he was charged with other offenses than murder supposed to have grown out of said transaction,—affect the admissibility of the confession.

When the bodies of deceased and his brother were found several days after the homicide, they were partially decomposed and eaten by worms. Complaint of testimony of these facts appears in several bills of exception. The finding of the dead body of deceased and that death resulted from violence inflicted, often requires proof of facts and conditions which appear revolting and nauseating, but are nevertheless necessary. Unless there appears something in the record to indicate that such testimony was uselessly and needlessly introduced, and that this appears likely to have affected the verdict, it would not seem to furnish ground for reversal merely because the court permitted the introduction of such testimony. In this case appellant was given ten years for murder in a case wherein, as reflected by our records, one of his codefendants was given the death penalty. We do not think the admission of the testimony referred to would call for a reversal, and find nothing in Roberts v. State, 70 Texas Crim. Rep., 297, 156 S. W., 651, cited by appellant, contrary to what we have said.

There was some controversy as to whether one of the Shooks was shot with a shot gun. A witness testified that a wound upon one of them was inflicted by a shot gun. It was in testimony that appellant

carried a shot gun on the way to the scene of the killing. This being the case, it was not error for the state to prove by a witness that a shot gun shell was picked up near the place where the killing occurred. Proof that one was killed by a shot from a firearm different from the one alleged in the indictment, seems no variance. Douglass v. State, 26 Texas App., 109, 9 S. W., 489. Branch's Annotated P. C., sec. 1589, collates many authorities.

Sale of property of the Shooks by appellant after the killing might be appropriated by the jury as shedding light on his participation in the homicide for the purpose of acquiring the property of the parties killed. We think such proof was admissible.

We regret that we can not agree with appellant's contention that the facts do not support the theory that appellant was a principal with Clyde Thompson in the commission of this offense. While some years younger than Thompson, the difference in their ages would not seem to affect the principle involved.

The court gave a number of special charges, and those refused do not seem to us of such character as that the refusal thereof would be reversible error.

Appellant's motion to quash and in arrest of judgment because the indictment referred to the members of the indicting body as "the grand jurors," etc., instead of "the grand jury" seem to have been properly overruled. English v. State, 4 Texas App., 125; Williams v. State, 30 Texas Crim. App., 404; Davis v. State, 6 Texas App., 133; Coker v. State, 7 Texas App., 83; Vanvickle v. State, 22 Texas App., 625, 2 S. W., 642. See Willson's Crim. Forms 1, 2 and 7a.

That the officer attending the jury was separated from them at a time when they were in a restaurant, does not amount to a separation of the jury, and such conduct standing alone would not affect the verdict. There would have to be some further showing of wrongful approach to the jury or conduct on the part of some member of the jury upon which might be predicated the idea that there had been misconduct of a serious character. The affidavits appended to appellant's motion for new trial go no further than to state that the sheriff having charge of the jury, was seen by the affiants outside of a restaurant while the jury were on the inside.

We have read with interest and appreciation the able and exhaustive brief of appellant's counsel. To the defense made, as well as possibly the youth of the appellant, is doubtless due a low penalty in a case where two men were killed without excuse or reason.

The judgment will be affirmed.

*Affirmed.*